UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN L. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  18-CV-4054 |
| | ) |
| GREGG SCOTT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

The plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Circ. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the Complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(citation

omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that Rushville officials failed to provide certain procedural safeguards prior to finding him guilty of battery to a female staff member. Specifically, Plaintiff alleges the notice contained insufficient facts, that the Behavioral Committee denied his requests to view the video evidence, and failed to provide him with a written notice outlining the basis for their decision. As a result, Plaintiff alleges he was placed on "all male escort" status, required to wear black box handcuffs on transports outside the facility for 90 days, and placed on "special management status" pending resolution of possible criminal charges where he was confined without access to his personal property, electronics, cleaning materials, recreational activities, group attendance, and various other "privileges."

The loss of privileges and other deprivations Plaintiff alleges are not sufficient to trigger the procedural protections of the Fourteenth Amendment. *See Miller v. Dobier*, 634 F.3d 412, 415-16 (7th Cir. 2011) ("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause."); *Winston v. Scott*, 718 F. App'x. 438, 439 (7th Cir. 2018) ("[A] civil detainee's loss of privileges is not a deprivation of a protected liberty interest; thus due process is not at play."); *see also Thielman v. Leean*, 282 F.3d 478, 484 (7th Cir. 2002) (additional restraints during transports of civilly detainee were not atypical and significant). Plaintiff also does not state a claim for his detention pending review of state criminal charges. *See Holly v. Woolfolk*, 415 F.3d 678, 680 (7th Cir. 2005).

Because Plaintiff did not suffer a sufficient deprivation to trigger the procedural protections of the due process clause, Plaintiff fails to state a claim for federal relief.

**IT IS THEREFORE ORDERED:**

1. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2. Plaintiff's motion to proceed *in forma pauperis* [2] is DENIED. Plaintiff's motion for clarification [7] is MOOT.

3. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

4. A digital recording of the merit review hearing has been attached to the docket.

Entered this 25th day of July, 2017

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE